| No. 17530. | Mike Rosanski v. The State of Ohio. |
| No. 17531. | Alice Szo v. The State of Ohio. |
| No. 17532. | Peter Stravinsky v. The State of Ohio. |
| No. 17533. | George Asztalos v. The State of Ohio. |
| No. 17534. | Rose Kemeny v. The State of Ohio. |
| No. 17535. | Esther Nagy v. The State of Ohio. |
| No. 17536. | Steve Schiller v. The State of Ohio. |
| No. 17537. | Joe Sipos v. The State of Ohio. |
| No. 17538. | Mike Bennish v. The State of Ohio. |
| No. 17539. | Anthony Nienaber v. The State of Ohio. |
| No. 17540. | Katie Lorenz v. The State of Ohio. |
| No. 17541. | George Meres v. The State of Ohio. |
| No. 17542. | George Supensky v. The State of Ohio. |
| No. 17543. | Val Bertram v. The State of Ohio. |
| No. 17544. | Joe First v. The State of Ohio. |
| No. 17545. | Mary Madasky v. The State of Ohio. |
| No. 17546. | Jim Marar v. The State of Ohio. |

Error to the Court of Appeals of Montgomery county.

INTOXICATING LIQUORE—(1) Search Warrants, when magistrate many issue—(2) Issuance of a ministerial act—(3) Secs. 13483 and 4594 GC. constitutional—(4) On charge of unlawful possession, seizure not void, nor contrabrand property returnable, unless was made in priate dwelling—(5) Contrabrand property seized admissible in evidence—(6) Such admission not a violation Ohio Bill of Rights.

MARSHALL, C. J.

1. The preliminary requirements for the issuance of a search warrant for the seizure of intoxicating liquors or property designed for the manufacture of intoxicating liquors are defined in Section 13483, General Code, and Section 4594, General Code, and a warrant may lawfully be issued upon filing an affidavit with a magistrate particularly describing the house or place to be searched, the person to be seized and the things to be searched for and the alleging substantially the offense in relation thereto and that affiant believes and has good cause to believe that such things are there concealed, without any supporting testimony of the truth of such affidavit and without any finding or probable cause on the part of the magistrate.

2. Upon the filing of such affidavit with a magistrate or with the clerk of any court having a lawful clerk, such search warrant shall issue as a matter of right and the issuance of such search warrant is a ministerial act.

3. Section 13483, General Code, and Section 4594, General Code, in so far as the latter section relates to the issuance of search warrants, are authorized by Section 2 of Article XVIII of the Federal Constitution, and by Section 9 of Article XV of the Ohio Constitution and are not in conflict with Section 14 of Article I of the Ohio Bill of Rights.

4. In prosecutions for violations of the prohibition laws of Ohio, where the charge involves unlawful possession of intoxicating liquors, a seizure of any contraband property by an officer whether the seizure has been made under process unlawfully procured or without any process will not void the seizure nor authorize an order by a magistrate for a return of such contraband to the person from whose possession the same was taken, unless the seizure was made in a bona fide private dwelling.

5. In such case all such contraband so seized is admissible in evidence upon the part of the state and collateral inquiry for the purpose of determining its competency may not be made into the manner of its seizure.

6. The admission of such evidence does not constitute a violation of Section 10 of Article I of the Ohio Bill of Rights which prohibits compelling any person in any criminal case to be a witness against himself.

Judgments affirmed.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.

---

No. 17366. Charles P. Jones v. Erie Railroad Co.

Error of the Court of Appeals of Mahoning county.

NEGLIGENCE—(1) Action in the state court, not triable according to federal statutes—(2) What procedure includes—(3) Duty of conusel as to exceptions and interrogatories.

MARSHALL, C. J.

1. In an action for negligence brought in a state court, by an employee against his employer, a railroad company engaged in interstate commerce, the duty and the breach are to be determined according to the federal statutes as interpreted by the federal courts, but the procedure is in accordance with the rules and practice of the state courts.

2. Procedure is the machinery for carrying on the suit, including pleading, process, evidence and practice, whether in the trial court or the appellate court, or in the processes by which causes are carried to appellate courts for review, or in laying the foundation for such review.

3. While it is the duty of counsel to his client in the trial of a cause to save exceptions to all errors committed by the court, it is equally the duty of counsel to the court to submit special interrogatories to determine whether the error, if any, shall operate to defeat substantial justice.

Judgment affirmed.

Hough, Robinson, Jones, Matthias and Clark, JJ., concur. Wanamaker, J., dissents.

---

No. 17450. The Detroit and Cleveland Navigation Company v. Colby Hade.

Error to the Court of Appeals of Lucas county.

CONTRACATS—If void in state where made, not valid elsewhere.

ROBINSON, J.

Where a contract is void by the law of the state where it is made, it cannot be enforced as a valid contract in any other.

Judgment reversed.

Marshall, C. J., Hough and Clark, JJ., concur.